The STATE of Ohio, Appellee,

v.

FRIEND, Appellant.

[Cite as *State v. Friend,* 165 Ohio App.3d 43, 2005-Ohio-7069.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2005–CA–9.

Decided Dec. 30, 2005.

44

Scott D. Schockling, Assistant Prosecuting Attorney, for appellee.

Andrew J. Gottman, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, John R. Friend II, appeals from his conviction and sentence, following a guilty plea to one count of possession of marijuana and one count of possession of cocaine. Friend contends that the trial court erred when it imposed the maximum sentence for possession of cocaine and when it imposed his sentences for these convictions consecutively to a previously imposed sentence (although concurrently with each other), because the trial court failed to make the findings required by the statute for the imposition of consecutive sentences, the record does not support those findings, the trial court failed to provide the reasons for its sentence, and, with respect to the imposition of a maximum sentence, the record fails to support the finding required.

{¶ 2} We conclude that the trial court made the requisite findings and that those findings are supported by the record. Although we agree with Friend that the trial court did not align the reasons for imposing consecutive sentences with the required findings for the imposition of consecutive sentences, as required by *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 21, we conclude that any error in this regard was waived when Friend responded in the negative to the trial court's inquiry, at the sentencing hearing, whether anything further was required. Accordingly, the judgment of the trial court is affirmed.

I

{¶ 3} Friend was charged by indictment with one count of trafficking in marijuana, one count of trafficking in cocaine, one count of trafficking in 3,4–methylenedioxy–methamphetamine (also known as Ecstasy), and three counts charging possession of each of those drugs. Each count contained specifications concerning the use of a car in the commission of the offense, and concerning diamond earrings and currency derived from the commission of the offense.

{¶ 4} A plea bargain was agreed to in which Friend agreed not to contest the forfeiture of the car, diamond earrings, and currency and agreed to plead guilty to one count of possession of marijuana, a felony of the fifth degree, and one count of possession of cocaine, a felony of the third degree. The other counts were dismissed as part of the plea bargain.

{¶ 5} The trial court accepted Friend's plea and sentenced him to 11 months' imprisonment for possession of marijuana and five years' imprisonment for possession of cocaine, to be served concurrently. Although these two sentences were ordered to be served concurrently with each other, they were ordered to be served consecutively to another sentence that had been imposed for an offense in Crawford County. Friend's five-year sentence for possession of cocaine is the maximum sentence that may be imposed for that offense.

{¶ 6} From his sentence, Friend appeals.

II

{¶ 7} Friend's first assignment of error is as follows:

{¶ 8} "The trial court erred by imposing consecutive sentences on appellant."

{¶ 9} In connection with this assignment of error, Friend argues that the trial court failed to make the requisite findings of fact, that the record does not support those findings, and that the trial court did not provide the reasons to support the findings necessary to impose consecutive sentences.

A

FINDINGS FOR CONSECUTIVE SENTENCES

{¶ 10} In order to impose consecutive sentences, a trial court must, in accordance with R.C. 2929.14(E)(4), make the following findings:

(a) Consecutive sentences are necessary to protect the public from future crime or to punish the offender; and

(b) Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶ 11} There is one other finding that must also be made, but Friend concedes that this finding was correctly made by the trial court.

{¶ 12} At the sentencing hearing, the trial court made the following findings on the record:

{¶ 13} "The Court finds that the consecutive sentence as announced by the Court is necessary to protect the public. It's necessary to punish the Defendant.

{¶ 14} "Consecutive sentences is [sic] not disproportionate to the seriousness of the Defendant's conduct and to the danger Defendant poses to the public."

{¶ 15} These are precisely the findings required by the statute. These same findings appear in the sentencing entry. Therefore, we conclude that the trial court made the findings required by the statute for the imposition of a consecutive sentence.

B

SUPPORT IN THE RECORD FOR FINDINGS REQUIRED
FOR CONSECUTIVE SENTENCES

{¶ 16} We have reviewed the record, and we conclude that there is ample support in the record for these findings. Friend has an extensive criminal record that includes convictions for aggravated robbery and for recent multiple drug offenses involving large quantities of drugs. He has a juvenile record that involves offenses going back to the age of 14 and includes Arson.

{¶ 17} The presentence-investigation report reflects Friend's casual attitude toward conditions of judicial release from a prior offense, continuing drug usage, and reliance upon proceeds from drug transactions to finance his continuing drug usage. Friend did not show up for his presentence interview despite three attempts at rescheduling, and he turned in his presentence questionnaire with most of the responses left blank.

C

REASONS FOR THE FINDINGS REQUIRED
FOR CONSECUTIVE SENTENCES

{¶ 18} The record of the sentencing hearing includes the following statements by the trial court:

{¶ 19} "The Court finds Defendant has a history of criminal convictions and juvenile delinquency adjudications.

{¶ 20} "The Court finds that Defendant has responded not favorably to sanctions previously imposed in adult and juvenile court.

{¶ 21} "The Court finds that Defendant has a pattern of drug use related to the offense.

{¶ 22} "The Court finds that Defendant shows no genuine remorse.

{¶ 23} "Reasons for imposing prison and consecutive sentence include the information already stated and also includes information in the presentence investigation.

{¶ 24} "* * *

{¶ 25} "The Court finds that Defendant has three juvenile adjudications which include tampering with property and wayward/habitually disobedient.

{¶ 26} "The Court finds that as an adult the Defendant has numerous charges including the circumstances of August 9th of 2001 in Bucyrus, Ohio; including the circumstances of February 11, 2004 in Bucyrus, Ohio still pending.

{¶ 27} "* * *

{¶ 28} "The Court finds that Defendant's adult criminal history includes aggravated robbery.

{¶ 29} "The Court finds that Defendant has absconded from supervision.

{¶ 30} "The Court finds that Defendant refuses to follow court and probation officer orders.

{¶ 31} "The Court finds that Defendant has served a portion of one prison term.

{¶ 32} "The Court finds that Defendant's pattern of conduct has become progressively more serious.

{¶ 33} "The Court finds that Crawford County authorities have taken a position that Defendant's never complied with conditions of judicial release. He routinely submitted positive drug tests, fails to show up for weekly appointments.

{¶ 34} "The Court finds that the Defendant has earned the position from the Crawford County authorities that the Defendant has no respect for authority, continues to get citations in Bucyrus for disorderly behavior and threatening others while on bond.

{¶ 35} "The Court finds that the Defendant failed to appear for his presentence interview in Champaign County despite three attempts at rescheduling. When the questionnaire was eventually dropped off, the majority of the document was left blank.

48

{¶ 36} "Under all the circumstances the Court has presented, the Court finds that there is no other way in which the Court can protect the public or the Defendant than to confine him for an extended period of time that is involved."

{¶ 37} We are of the view that the trial court gave adequate reasons for its findings. However, a trial court is also required to align its reasons for imposing consecutive sentences with the findings required for the imposition of consecutive sentences. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 21. We agree with Friend that no such alignment was done in this case.

{¶ 38} We conclude that Friend has waived any error in this regard. At the conclusion of the sentencing hearing, the trial court inquired, first: "Does the State want anything else from this hearing?" After dealing with procedural issues related to the forfeiture, the trial court the inquired: "Counsel for the Defense, did you wish anything from the Court?" There followed a discussion of the mechanics of the appointment of counsel to pursue an appeal. The trial court then inquired: "Anything else, Counsel?" To this, Friend's trial counsel responded in the negative.

{¶ 39} Had Friend desired that the trial court perform its duty, under *State v. Comer*, supra, to align the reasons for the imposition of consecutive sentences with the findings required by statute for the imposition of consecutive sentences, he could have asked the trial court to do so at this point. We assume that the relationship between the reasons given by the trial court and the findings required was so obvious that Friend saw no point in asking for the alignment required by *State v. Comer*. In any event, we conclude that any error in this regard was waived.

### III

{¶ 40} Friend's second assignment of error is as follows:

{¶ 41} "The trial court erred by imposing the maximum sentence on appellant."

{¶ 42} Although Friend recognizes that the trial court made the required finding that he committed the worst form of the possession-of-cocaine offense, he contends that there is no basis in the record for this finding. The state argues that the fact that Friend acted for hire as part of an organized criminal activity supports this finding.

{¶ 43} We see no need to resolve this issue. As the state points out, the trial court also made the alternative finding that Friend was among those offenders with the greatest likelihood of reoffending, which, by itself, would place him within the category of offenders against whom may be imposed the maximum

sentence. R.C. 2929.14(C). The record easily supports this finding. All of the facts alluded to in Part II above reflect that Friend is an individual who has little interest in conforming his behavior within the confines of the criminal law. Consistently with that, he seems to have little interest in complying with the orders of the court or supervisory personnel. The conclusion that he is among the class of offenders who are the most likely to reoffend is inescapable.

{¶ 44} Friend's second assignment of error is overruled.

## IV

{¶ 45} Both of Friend's assignments of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN, P.J., and DONOVAN, J., concur.