The STATE of Ohio, Appellee,

v.

WILE, Appellant.

[Cite as *State v. Wile*, 175 Ohio App.3d 184, 2008-Ohio-608.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2007 CA 4.

Decided Feb. 15, 2008.

Stephan K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, for appellee.

Jay A. Adams, for appellant.

WOLFF, Presiding Judge.

{¶ 1} Jason Wile entered pleas of guilty to two counts of a five-count indictment charging five fifth-degree felonies. Wile was sentenced to two consecutive sentences of 12 months, for a total sentence of 24 months.

{¶ 2} Wile advances four assignments of error. Assignments 1 and 2 are related and will be discussed together, but in reverse order.

I

{¶ 3} "2. The trial court abused its discretion in failing to act upon innacuracies [sic] in the pre-sentence investigation report.

{¶ 4} "1. Appellant was denied the effective assistance of counsel as guaranteed by the United States and Ohio Consttution [sic]."

{¶ 5} Before the trial court imposed sentence, counsel for Wile disputed an assertion in the presentence-investigation report ("PSI") that Wile had "failed to comply with treatment recommendations" made after an assessment by TCN Behavioral Health Services. Counsel contended that TCN had made no recommendations. The trial court, after counsel's remarks and dialogue with Wile,

sentenced Wile without looking into the alleged misstatement pointed out by Wile's counsel. Wile contends that the trial court erred to his prejudice because the state had recommended community-control sanctions, and the court imposed a maximum sentence instead. Wile urges us to impose a fact-finding procedure upon trial judges where such misstatements are asserted, as he contends is required by the Federal Rules of Criminal Procedure. Because the trial judge was operating under the Ohio Rules of Criminal Procedure, which do not require such an inquiry, we believe that the appropriate standard of review is whether, under the particular circumstances of this case, the trial court abused its discretion.

{¶ 6} Based on the following dialogue between the trial court and Wiles, we find no abuse of discretion.

{¶ 7} "THE COURT: Mr. Wile, you have an opportunity at this time to address the Court. Is there anything that you would like to tell me, sir?

{¶ 8} "A. Yes, sir, I would.

{¶ 9} "THE COURT: I'm sorry?

{¶ 10} "Yes, sir.

{¶ 11} "THE COURT: Go ahead.

{¶ 12} "A. That I know that I messed up and that I made the wrong choice, and now that I have thought about it and grown-up that I think that I need to get my life back on track. And I think that maybe an inpatient program for drug and alcohol assessment would be the thing for me. At least there I could get something out of that instead of going through this outpatient, because outpatient is I go there and come home, you know, and I don't feel like I'm getting anything out of that.

{¶ 13} "So I just, you know, want the Court to know that I'm trying to do my best to get my life back together.

{¶ 14} "THE COURT: Anything else?

{¶ 15} "A. No, sir.

{¶ 16} "THE COURT: Well, the attitude you're expressing to me here this afternoon is somewhat the attitude you should have had when we were going through this presentence investigation. You have a prior felony conviction.

{¶ 17} "A. Yes, sir, I do.

{¶ 18} "THE COURT: So this isn't your first time sitting in a Courtroom. *And there may be some dispute based upon what your counsel says as to what the program representative may have said or what you may have understood.*

{¶ 19} "But the report indicates that you met with the representative of the Monday Program on December the 14th and you declined to participate in the program stating you did not need treatment.

{¶ 20} "Well, anybody who doesn't feel they need treatment is not going to do any good in treatment. It is not going to do me much good to send you to treatment.

{¶ 21} "A. Okay.

{¶ 22} "THE COURT: Then when you were asked whether or not you—if having you evaluated for the GreeneLeaf Program was going to be a waste of time, you more-or-less said well you didn't care, just go ahead and do Greene-Leaf, give you the form and you would sign up for it.

{¶ 23} "Well, that is not quite the attitude that we need. We're looking for somebody who wants to help themselves and overcome problems.

{¶ 24} "I don't know that I—I agree with you that you need some type of treatment, but before you get the treatment, you need some type of an attitude change. And that attitude change has to be to understand that you need the treatment and you want the treatment and you will follow and voluntarily participate in the treatment and not come up with the type of an attitude that you had with the Probation Department and these people who are trying to help you getting you into these programs.

{¶ 25} "That is the problem that presents itself to me here is I don't see where your attitude is ready for treatment.

{¶ 26} "And on top of that, like I said, you've been down this road before.

{¶ 27} "A. All right.

{¶ 28} "THE COURT: You have a prior felony conviction.

{¶ 29} "Do you have something else you want to say?

{¶ 30} "A. Yeah.

{¶ 31} "THE COURT: Go ahead.

{¶ 32} "A. When I was at Monday Program, I didn't comprehend what the lady was explaining to me. I got frustrated at the time. I didn't listen and I got up and walked out. You know. I signed the thing and got up and left. I didn't sit there and comprehend like I should have. Now I wish I would have.

{¶ 33} "THE COURT: Well, I wish you would have too. Anything else?

{¶ 34} "A. No, sir." (Emphasis added.)

{¶ 35} We think it is abundantly clear from this dialogue that the trial court recognized the alleged misstatement in the PSI alluded to by Wile's counsel, but

accorded it little, if any, significance in determining to sentence Wile to prison. Rather, the court was concerned with Wile's indifferent—if not hostile—attitude toward the Monday and GreeneLeaf programs, which offered alternatives to imprisonment, and with Wile's criminal record.

{¶ 36} Given the particular circumstances of this case, we find no abuse of discretion in the court's proceeding to sentence Wile without further inquiry into the alleged misstatement in the PSI.

{¶ 37} Wile's complaint with his trial counsel is with her not requesting a continuance to facilitate clearing up the alleged discrepancy between the representation in the PSI and what Wile claimed to be the real situation: that TCN had made no recommendations.

{¶ 38} The two-prong test for ineffective assistance of counsel is set out in paragraphs two and three of the syllabus of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373:

{¶ 39} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], followed.)

{¶ 40} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶ 41} Assuming arguendo that trial counsel should have asked for a continuance, there is no reasonable probability that her failure to do so is the reason Wile was sentenced to prison rather than placed on community control. The PSI has been made part of the record on appeal. Despite the alleged misstatement that Wile had failed to follow treatment recommendations by TCN, the PSI nevertheless recommended community-control sanctions rather than imprisonment.

{¶ 42} The alleged misstatement in the PSI did not result in a recommendation in the PSI that was contrary to the state's recommendation of community control. As we observed above, the trial court appears to have accorded little, if any, importance to the alleged misstatement in determining to sentence Wile. Ineffective assistance of counsel is not demonstrated, and the first two assignments are overruled.

## II

{¶ 43} "3. Appellant did not enter a knowing, intelligent and voluntary plea."

{¶ 44} Wile contends that his guilty pleas were not knowingly, intelligently, and voluntarily made because he did not foresee a 24–month sentence, given the state's recommendation of community-control sanctions.

{¶ 45} This contention is belied by the record. Before pleading guilty, the following dialogue occurred between the court and Wile:

{¶ 46} "THE COURT: Do you understand that [the] agreement is between you and the State of Ohio. It does not in any way bind the Court to go along with that agreement. The Court can go along with it but is not required to go along with it.

{¶ 47} "A: Yes, Your Honor, I understand.

{¶ 48} "THE COURT: Do you understand once you enter a plea of guilty to an offense, the only remaining requirement left for the Court [sic] to impose sentence?

{¶ 49} "A: Yes, sir, I understand.

{¶ 50} "[The Court requests the State to enter a brief recitation of facts into the record.]

{¶ 51} "THE COURT: Mr. Wile, did you hear and understand the facts that the assistant prosecutor read into the record?

{¶ 52} "A: Yes, sir, I did.

{¶ 53} "THE COURT: You're entering this plea of guilty because that is what you did, you are guilty?

{¶ 54} "A: Yes, sir.

{¶ 55} "THE COURT: Do you understand what the maximum possible punishment is the Court could impose for these offenses?

{¶ 56} "A: Yes, sir. I do.

{¶ 57} "THE COURT: What is that, sir?

{¶ 58} "A. Two years and a $5,000.00 fine.

{¶ 59} "THE COURT: That is correct. Now, understanding that the maximum possible punishment is 24 months in prison and a $5,000.00 fine, do you still wish to go forward with your plea?

{¶ 60} "A: Yes, sir, I do."

{¶ 61} On virtually identical facts, we rejected the same contention asserted here by Wile in *State v. Lane* (Apr. 19, 2002), Greene App. No. 2001–CA–91, 2002

WL 626164, noting the clear statement of the trial court that it was not bound by the prosecutor's recommendation and the defendants' acknowledgment of their understanding of the court's position.

{¶ 62} The third assignment is overruled.

{¶ 63} "4. The trial court erred in the imposition of sentence on appellant."

{¶ 64} Wile cites *State v. Friend*, 165 Ohio App.3d 43, 2005-Ohio-7069, 844 N.E.2d 889, in support of his contention that the trial court erred in failing to make the statutorily mandated findings required for the imposition of maximum, consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, dispensed with the need for such findings by holding the statutes requiring them unconstitutional.

{¶ 65} The fourth assignment is overruled.

### III

{¶ 66} The judgment will be affirmed.

Judgment affirmed.

BROGAN, J., concurs.

GRADY, J., concurs separately.

GRADY, Judge, concurring.

{¶ 67} I agree that ineffective assistance of counsel is not demonstrated. The claim requires a showing that, as a result of his attorney's ineffectiveness, a defendant was deprived of a substantive or procedural right to which the law entitles him. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180. That occurred in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, because counsel failed to offer certain mitigating evidence in the sentencing phase of a capital-murder case, which state law permitted the defendant to offer. However, *Strickland* went on to state:

{¶ 68} "We need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance. A capital sentencing proceeding like the one involved in this case, however, is sufficiently like a trial in its adversarial format and in the existence of standards for decision, that counsel's role in the proceeding is comparable to counsel's role at trial—to ensure that the adversarial testing process works to produce a just result under the standards governing decision." 466 U.S. at 686–687, 104 S.Ct. 2052, 80 L.Ed.2d 674. (Citations omitted.)

{¶ 69} Applying the rules of *Strickland* and *Lockhart*, the Supreme Court has repeatedly held that a claim of ineffective assistance of counsel may apply to the sentencing phase of capital-murder cases. *Williams v. Taylor* (2000), 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389; *Wiggins v. Smith* (2003), 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471; *Rompilla v. Beard* (2005), 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360; *Florida v. Nixon* (2004), 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565.

{¶ 70} In the present case, defendant-appellant Wile was convicted on his negotiated pleas to one count of possession of cocaine and one count of possession of criminal tools, both fifth-degree felonies. The trial court sentenced Wile to the maximum terms of incarceration available for that degree of felony, 12 months, R.C. 2929.14(A)(5), to be served consecutively. The court had full discretion to do that. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The only standards it was required to apply were the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶ 71} Measured in relation to all relevant criteria, the proceeding in which counsel's ineffectiveness allegedly occurred was an "ordinary sentencing" in which *Strickland* instructs that "a different approach" is appropriate. Counsel's failure to ask for a continuance in order to purge the presentence-investigation report of an alleged error did not deprive defendant-appellant of a substantive or procedural right to which the law entitles him. *Lockhart*. Indeed, counsel brought the error to the court's attention. The court's somewhat equivocal response did not prejudice defendant-appellant, when the record amply demonstrates that the court relied on other facts and circumstances in relation to the discretion reposed on the court by R.C. 2929.11 and 2929.12 to arrive at the sentence it imposed. Ineffective assistance of counsel is therefore not demonstrated.